**TYLER & JOHNSON, L.L.C.**
ATTORNEYS AT LAW
4700 LINE AVENUE, SUITE 111
SHREVEPORT, LOUISIANA 71106
TELEPHONE: 318-861-1540
FACSIMILE: 318-861-1528
www.tylerandjohnson.com

*FB5*

*141516 A*

CIVIL

D. G. TYLER
E-MAIL:
dgtyler@tylerandjohnson.com

TOMMY J. JOHNSON
E-MAIL:
johnson@tylerandjohnson.com

June 5, 2013

Mr. Thomas L. Sullivan, Jr.
Livingston Parish Clerk of Court
20180 Iowa Street
1st Floor, Courthouse
Livingston, Louisiana 70754

*Via Federal Express*

Re:  Linda Diane Hicks vs.
     Jack in the Box, Inc., et al
     21st Judicial District Court
     Livingston Parish, Louisiana

Dear Mr. Sullivan:

    Attached are an original and six (6) copies of a Petition in regard to the above captioned matter.  Please file the original, serve the defendants, Jack in the Box, Inc., Jack in the Box Eastern Division, L.P., CNL Income Fund VIII, Ltd., CNL APF Partners, LP, and Ace American Insurance Company, and return a stamped/conformed copy of the Petition to my office in the enclosed envelope.

    I have enclosed my check in the amount of $650.00 payable to you for the filing fee, my check in the amount of $146.80 to the East Baton Rouge Parish Sheriff's office for the defendants being served through CT Corporation System, and my check in the amount of $25.00 payable to the Secretary of State for service being made through his office.

    Thanking you for your assistance, I remain

                                    Sincerely,

                                    D. G. Tyler

DGT:ls
Enclosures

CHECK IN SERVICE
DATE 6-6-13
EBR  146 80
SOS  25 00



EXHIBIT
A

LINDA DIANE HICKS      *    NUMBER: 141516 A

VERSUS      *    21ST JUDICIAL DISTRICT COURT

JACK IN THE BOX, INC., ET AL    *    LIVINGSTON PARISH, LOUISIANA

## P E T I T I O N

The petition of LINDA DIANE HICKS, a major resident and domiciliary of Texarkana, Bowie County, Texas, respectfully represents:

1.

Made defendants herein are:

A. DONALD PAUL DUFFIELD, a person of the full age of majority and a resident and domiciliary of Livingston Parish, Louisiana, who may be served at his residence address, 38526 Salem Cemetery Rd., Lot 1, Walker, Louisiana 70785;

B. JACK IN THE BOX, INC., a foreign corporation authorized to do and doing business in Louisiana, which may be served through its duly authorized registered agent for service of process, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

C. JACK IN THE BOX EASTERN DIVISION, L.P., a non-Louisiana partnership, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

D. CNL INCOME FUND VIII, LTD., a non-Louisiana partnership, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

E. CNL APF PARTNERS, LP, a non-Louisiana partnership, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808; and

F. ACE AMERICAN INSURANCE COMPANY a foreign insurance company, authorized to do and doing business in the State of Louisiana, which may be served

through its agent for service of process, the Louisiana Secretary of State, Tom Schedler,

8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

That all matters contained herein are within the jurisdiction of this Honorable Court.

3.

At all times pertinent herein:

A.   LINDA DIANE HICKS was a guest invitee at the Jack in the Box restaurant located at 28175 Walker Road South in Walker, Louisiana;

B.   JACK IN THE BOX, INC. owned, operated and managed a restaurant establishment located at 28175 Walker Road South, Walker, Livingston Parish, Louisiana (which restaurant premises are hereinafter referred to as "JACK IN THE BOX");

C.   JACK IN THE BOX EASTERN DIVISION, L.P. owned, operated and managed a restaurant establishment located at 28175 Walker Road South, Walker, Livingston Parish, Louisiana (which restaurant premises are hereinafter referred to as "JACK IN THE BOX");

D.   JACK IN THE BOX had servants and/or employees who provided janitorial and maintenance services on the premises of JACK IN THE BOX;

E.   CNL INCOME FUND VIII, LTD. owned the immovable property and improvements, which included the restaurant premises where the accident occurred (which restaurant premises are hereinafter referred to as "JACK IN THE BOX");

F.   CNL APF PARTNERS, LP, owned the immovable property and improvements which included the restaurant premises where the accident occurred (which restaurant premises are hereinafter referred to as "JACK IN THE BOX");

G.   DONALD PAUL DUFFIELD was employed as an Assistant Manager for JACK IN THE BOX located at 28175 Walker Road South in Walker, Louisiana and was acting in the course and scope of his employment with JACK IN THE BOX, and independently violated applicable standards of care as hereinafter described; and

H.   ACE AMERICAN INSURANCE COMPANY had issued to the aforenamed defendants, and maintained in full force and effect a commercial general liability insurance

policy to JACK IN THE BOX, and said policy afforded public liability insurance coverage for the aforementioned JACK IN THE BOX restaurant premises.

4.

The damages for which recovery is sought herein resulted from injuries that occurred on or about the 10th day of June, 2012, at approximately 11:55 a.m., at JACK IN THE BOX located at 28175 Walker Road South, Walker, Livingston Parish, Louisiana.

5.

Petitioner shows that on the aforesaid date, time and place, petitioner, LINDA DIANE HICKS was a customer at JACK IN THE BOX, in as much as she went to JACK IN THE BOX with the intention of ordering food from said restaurant and therefore, was lawfully on the premises of JACK IN THE BOX.

6.

Petitioner shows after walking through the entrance of the restaurant and over the entrance mat, her foot came in contact with a greasy and slippery tile floor surface substance causing her to slip and fall to the floor.

7.

Petitioner shows that at the time of the aforementioned accident, it was not raining and the weather was clear.

8.

Petitioner shows that the greasy substance was located just inside of the main entrance door for customers of JACK IN THE BOX, which created an unreasonable risk of harm to customers of the restaurant.

10.

Petitioner specifically pleads and asserts that the doctrine of *res ipsa loquitur* is applicable to the facts and circumstances herein.

11.

Petitioner further shows that all of the aforenamed defendants, *individually and jointly*, were negligent in failing to adequately inspect and maintain the premises of "JACK IN THE BOX", failed to clean a greasy substance from the floor inside the customer entrance to the restaurant premises, failed to timely remedy a known hazard,

and failed to warn petitioner of said hazard, which was an unreasonable risk of harm and the direct cause of her injuries.   And further, said defendants had actual or constructive notice of the unreasonable risk of harm, failed to timely remedy the risk of harm, violated applicable standards of care, failed to properly supervise employees and contractual occupants, and failed to adopt appropriate safety features and guidelines thereby enabling a defect of the premises and violation of state laws.   Said acts and omissions of individual negligence by defendants are hereinafter pled.

12.

Petitioner shows that the accident described herein was proximately caused by the wanton and careless actions of DONALD PAUL DUFFIELD, and the combined and concurrent negligence of named defendants herein, which said acts of negligence are described in the following non-exclusive listing, to-wit:

A. Failure to exercise due caution under the circumstances so as to avoid harm to others;

B. Failure to correct a dangerous condition or failure to warn adequately of the danger presented to others;

C. Failure to take other proper and reasonable precautions to prevent injuries to others;

D. Failure to warn customers adequately of the slippery floor;

E. Failing to timely remedy a known hazard;

F. Creating and maintaining a hazardous condition;

G. Failing to properly supervise employees;

H. Violating applicable standards of care

I. Failing to adequately inspect and maintain premises;

J. Failing to exercise reasonable care to keep this high traffic area of JACK IN THE BOX in a reasonably safe condition; and

K. Any other act of negligence or fault which may be proved at the trial of this matter.

13.

Petitioner shows that the accident described herein was proximately caused by the wanton and careless actions of JACK IN THE BOX, INC. and JACK IN THE BOX EASTERN DIVISION, L.P., and the combined and concurrent negligence of named

defendants herein, which said acts of negligence are described in the following non-exclusive listing, to-wit:

    A. Failure to exercise due caution under the circumstances so as to avoid harm to others;

    B. Failure to correct a dangerous condition or failure to warn adequately of the danger presented to others;

    C. Failure to take other proper and reasonable precautions to prevent injuries to others;

    D. Failure to warn customers adequately of the slippery floor;

    E. Failing to timely remedy a known hazard;

    F. Creating and maintaining a hazardous condition;

    G. Failing to properly supervise employees;

    H. Violating applicable standards of care;

    I. Failing to adequately inspect and maintain premises;

    J. Failing to exercise reasonable care to keep this high traffic area of JACK IN THE BOX in a reasonably safe condition;

    K. Failing to adopt appropriate safety features and guidelines;

    L. Allowing a defect on the premises;

    M. Violating state laws; and

    N. Any other act of negligence or fault which may be proved at the trial of this matter.

<center>14.</center>

Petitioner shows that the accident described herein was proximately caused by the wanton and careless actions of CNL INCOME FUND VIII, LTD. and CNL APF PARTNERS, LP, and the combined and concurrent negligence of named defendants herein, which said acts of negligence are described in the following non-exclusive listing, to-wit:

    A. Failure to exercise due caution under the circumstances so as to avoid harm to others;

    B. Failure to correct a dangerous condition or failure to warn adequately of the danger presented to others;

    C. Failure to take other proper and reasonable precautions to prevent injuries to others;

    D. Failing to timely remedy a known hazard;

E. Failing to properly supervise employees;

F. Violating applicable standards of care

G. Failing to adequately inspect and maintain premises;

H. Allowing a defect on the premises;

I. Violating state laws; and

J. Any other act of negligence or fault which may be proved at the trial of this matter.

15.

Petitioner avers the vicarious liability of JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD. and CNL APF PARTNERS, LP, for the acts and omissions of its employees and agents, as hereinabove more particularly described, and pursuant to *Louisiana Civil Code Article 2320*, and derives from the principle of *respondeat superior.*

16.

JACK IN THE BOX is strictly liable unto Petitioner for the damages she sustained as a result of this accident pursuant to *Louisiana Civil Code,* Article 2317, which is incorporated herein by reference.

17.

Petitioners show that the liability of ACE AMERICAN INSURANCE COMPANY is based upon its policy of insurance providing comprehensive premises liability insurance coverage to JACK IN THE BOX, including but not limited to all named defendants in their capacity as premises owners, business operators, managers, employees, individually and jointly.

18.

Petitioner, LINDA DIANE HICKS, was free of negligence and did not contribute to the cause of this accident in any way.

19.

As a result of the accident herein described, LINDA DIANE HICKS experienced a serious injury to her left kneecap, known as a left patella fracture, avulsion and patellar tendon rupture, requiring her to undergo a surgical procedure referred to as a left patellar

tendon repair.   Petitioner further sustained contusions and a trauma to the body as a whole.

<div align="center">20.</div>

Petitioner further shows that as a result of the aforementioned injuries, LINDA DIANE HICKS sustained severe and permanent damages in the nature of physical pain and suffering, mental anguish, worry, inconvenience and mental stress. Thus, Petitioner is is entitled to recover for the specific special damages and general damages as a result of the injuries caused by this accident, including medical expenses and loss of past income,  as well as any other special damages not necessarily enumerated herein, and general damages.

<div align="center">21.</div>

Petitioner, LINDA DIANE HICKS, further avers she sustained damages in excess of the minimum amount necessary to establish jurisdiction in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.   To date, Petitioner has incurred an indebtedness for medical specials in the amount of not less than  Sixteen Thousand Eight Hundred and 00/100 ($16,800.00) Dollars regarding medical treatment she received for injuries sustained in the accident.

<div align="center">22.</div>

Petitioner shows that it will be necessary to use medical and other expert witnesses at the trial of this cause, and their fees, together with any expenses for the taking of their depositions, should be fixed and taxed as cost.

<div align="center">23.</div>

That it will be necessary for the intelligent preparation of the trial of this cause that the defendants, namely, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD. and CNL APF PARTNERS, LP, ACE AMERICAN INSURANCE COMPANY, produce and file into the record of this proceeding, for inspection and copying by Petitioner's counsel herein, a certified copy of all policies of liability insurance, covering the injuries and damages alleged by Petitioner herein, together with all riders and attachments.

24.

Petitioner seeks and is entitled to the issuance of an order herein requiring the defendants, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., ACE AMERICAN INSURANCE COMPANY, CNL INCOME FUND VIII, LTD. and CNL APF PARTNERS, LP, to respond to the First Set of Interrogatories and Request for Production of Documents attached hereto, within the delays allowed by law.

WHEREFORE, petitioner, LINDA DIANE HICKS, prays:

I.    That citation issue and service be made on the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY, and that they be duly cited to appear and answer same;

II.    That an Order issue herein directing the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY, to produce and file into the record of this proceeding for inspection and copying by Petitioner's counsel herein a certified copy of any and all policies of liability insurance covering the injuries and damages alleged by Petitioner herein, together with all riders and attachments, within the delays allowed by law;

III.    That an Order issue herein directing the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY,  to respond to the First Set of Interrogatories and Request for Production of Documents attached hereto, within the delays allowed by law;

IV.   That after due proceedings and legal delays had herein there be judgment in favor of petitioner, LINDA DIANE HICKS, and against the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY, for special and general damages as are reasonable in the premises, and permitted by the laws of the State of Louisiana, together with legal interest

thereon from the date of judicial demand, until paid, together with all costs of these proceedings;

V.  That the defendants be cast with all costs of these proceedings, including the fees of medical and other expert witnesses at the trial of this cause, together with any expenses for the taking of their depositions; and

VI.  For all orders and decrees necessary; for general and equitable relief in these premises.

> TYLER & JOHNSON, L.L.C.
> 4700 Line Avenue, Suite 111
> Shreveport, Louisiana 71106
> Telephone:  (318) 861-1540
> Facsimile:  (318) 861-1528

By: _____

D. G. Tyler (La. Bar #12969)

**SERVICE INFORMATION:**

DONALD PAUL DUFFIELD (**Do not serve Mr. Duffield at this time**)

JACK IN THE BOX, INC.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

JACK IN THE BOX EASTERN DIVISION, L.P.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

CNL INCOME FUND VIII, LTD.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

CNL APF PARTNERS, LP
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

ACE AMERICAN INSURANCE COMPANY
which may be served through its agent for service of process:
Tom Schedler
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809

LINDA DIANE HICKS                    *    NUMBER: 141516 A

VERSUS                               *    21ST JUDICIAL DISTRICT COURT

JACK IN THE BOX, INC., ET AL         *    LIVINGSTON PARISH, LOUISIANA

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, DONALD PAUL DUFFIELD

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure,* Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated, and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure,* Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials  under the provisions of *Louisiana Code of Civil Procedure*, Article 1469.

DEFINITIONS:   As used in these interrogatories and document requests, the terms listed below are defined as follows:

(A)    "You," "your," or "yourself" means defendant, DONALD PAUL DUFFIELD, and all other persons acting or purporting to act on his behalf;

(B)    "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C)    "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams,

minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, magazines, publications, printed matter, photographs, computer printouts, telex, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electrical records of representations of any kind, of which you may have knowledge or which are now or were formerly in your actual or constructive possession, custody or control;

(D)   "Relates to," "regarding," or "concerning" mean supports, evidences, describes, mentions, refers to, contradicts or compromises;

(E)   "Person," "individual," or "entity" mean any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

(F)   The terms "identify," "state," and "describe":

1.   When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

2.   When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

3.   When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

4.   When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

5.   When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

## INSTRUCTIONS

(A)     With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)     If any document  or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)     If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)     If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

   1.The reason for withholding; and

   2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

   Please state the identity, location and address of all persons having knowledge or information relevant to a determination of the issues involved in the captioned case.

INTERROGATORY NO. 2:

   Please give the names and addresses of any witnesses who saw all or any part of the accident sued on in this matter.

INTERROGATORY NO. 3:

   Please state the identity, location and address of all investigators who have made any investigation in your behalf of any of the facts involved in this case.

INTERROGATORY NO. 4:

   Please state the identity, location and address of all investigators who have made an investigation of any of the facts involved in this proceeding, the results of which

investigation have been made available to you as defendant, whether the investigation was made initially in your behalf or not.

INTERROGATORY NO. 5:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

INTERROGATORY NO. 6:

Please list the names and addresses of all persons from whom signed statements have been taken by any investigator or investigators who subsequently made those statements available to you or anyone representing you, even though the investigation and the taking of the signed statements may not have been made initially in your behalf.

INTERROGATORY NO. 7:

Please state the names and addresses of all persons who were or have been interviewed by anyone representing you, or by anyone investigating the facts involved in this case on your behalf, but from whom signed statements were not obtained.

INTERROGATORY NO. 8:

Please list the names and addresses of all persons who were or have been interviewed by anyone investigating this accident, the result of which investigation was subsequently made available to you or your counsel, even though the investigation was not initially made on your behalf.

INTERROGATORY NO. 9:

Were any photographs taken by you or in your behalf either at the scene of the accident, of any physical equipment or other objects known or believed by you to have been involved in the accident forming the basis of this case and/or of plaintiff, Linda Diane Hicks, on the date of the subject accident?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce copies of any photographs referred to in your answer to Interrogatory No. 9.

INTERROGATORY NO. 10:

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

INTERROGATORY NO. 11:

Please state if, while you were employed by Jack in the Box, if any person patron and/or employee has slipped and fallen prior to June 10, 2012, the date of the subject accident.  If so, please state when and where each accident occurred.

INTERROGATORY NO. 12:

Please state whether or not you have ever been convicted of any crimes.   If so, please state the date of the conviction, the crime for which you were convicted, and the court before whom you were convicted.

INTERROGATORY NO. 13:

Please identify yourself completely by providing the following information:

(a) Full legal name;

(b) Date and place of birth;

(c) Social security number;

(d) Louisiana driver's license number; and

(e) Residence address presently and on date of accident.

INTERROGATORY NUMBER 14:

Please state the name, address and telephone number of each of your past employers upon reaching eighteen years of age to the date of your response hereto, and your reason for each employment ending.

INTERROGATORY NUMBER 15:

Are you presently employed by Jack in the Box?   If so, please state in what capacity you are employed.   If not, please state the reason for your no longer being so employed.

**INTERROGATORY NUMBER 16:**

Please state the exact name of your employer on June 10, 2012, and a brief description of your employment duties, from the beginning of your work day, until the time of the accident described herein.

**INTERROGATORY NO. 17:**

Please give the names and addresses of any witnesses who saw all or any part of the accident sued on in this matter.

**INTERROGATORY NO. 18:**

Please state the names, addresses and telephone numbers of all of the individuals that participated in any manner in the preparation and/or conducting of any reports, memorandums, electronic communications, emails, telephone communications, investigation, and/or interviews concerning Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Please produce copies of any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigations, and/or interviews referred to in your Answer to Interrogatory No. 18.

**INTERROGATORY NUMBER 19:**

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Please produce copies of any signed statements referred to in your answer to Interrogatory No. 19.

**INTERROGATORY NUMBER 20:**

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

**INTERROGATORY NUMBER 21:**

Please list all exhibits and/or documents that you may introduce at the trial of this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Please produce copies of all exhibits and/or documents referred to in your answer to Interrogatory No. 21.

**INTERROGATORY NUMBER 22:**

Please state the name, address, and telephone number of all persons responsible for the safety/loss risk of patrons at the Jack in the Box premises where the subject accident occurred on June 10, 2012.

<div style="margin-left:auto">

TYLER & JOHNSON, L.L.C.
4700 Line Avenue, Suite 111
Shreveport, Louisiana 71106
Telephone:  (318) 861-1540
Facsimile:   (318) 861-1528

</div>

By: _____
　　　D. G. Tyler, La. Bar #12969

## C E R T I F I C A T E

I HEREBY CERTIFY that I have read the above and foregoing and  that to the best of my knowledge, information and belief formed after reasonable inquiry that said document is:

1. Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

2. Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and

3. Not unreasonable, unduly burdensome, or expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the 5th day of June, 2013.

OF COUNSEL

| LINDA DIANE HICKS | * | NUMBER: 14516 A |
|---|---|---|
| VERSUS | * | 21ST JUDICIAL DISTRICT COURT |
| JACK IN THE BOX, INC., ET AL | * | LIVINGSTON PARISH, LOUISIANA |

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, <u>JACK IN THE BOX, INC.</u>

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure.  These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure,* Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated, and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure,* Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials   under the provisions of *Louisiana Code of Civil Procedure,* Article 1469.

<u>DEFINITIONS:</u>   As used in these interrogatories and documents requests, the terms listed below are defined as follows:

(A)   "You," "your," or "yourself" means defendant, JACK IN THE BOX, Inc. and all other persons acting or purporting to act on its behalf;

(B)   "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C)   "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams,

minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, magazines, publications, printed matter, photographs, computer printouts, telex, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electrical records of representations of any kind, of which you may have knowledge or which are now or were formerly in your actual or constructive possession, custody or control;

(D)     "Relates to," "regarding," or "concerning" mean supports, evidences, describes, mentions, refers to, contradicts or compromises;

(E)     "Person," "individual," or "entity" mean any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

(F)     The terms "identify," "state," and "describe":

1.     When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

2.     When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

3.     When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

4.     When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

5.     When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

**INSTRUCTIONS**

(A)     With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)     If any document or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)     If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)     If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

1. The reason for withholding; and

2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

Please give the names, addresses, and telephone numbers of any individuals known to you that witnessed and/or have knowledge of any facts concerning and/or involving Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit, including but not limited to any facts of events occurring before and after her fall.

INTERROGATORY NO. 2:

Please state the name, address and telephone number for all persons known to you that conducted and/or prepared any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigation, and/or interviews concerning Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit.

If so, please state the names, addresses and telephone numbers of said employees and/ or agents.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce copies of any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigations, and/or interviews referred to in your Answer to Interrogatory No. 2.

INTERROGATORY NO. 3:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

REQUEST FOR PRODUCTION OF DOCUMENTS  NO. 2:

Please produce copies of any statements referred to in your answer to Interrogatory No. 3.

INTERROGATORY NO. 4:

Were any photographs taken by you or in your behalf either at the scene of the subject accident of any physical equipment and/or other objects known or believed by you to have been involved in the accident forming the basis of this case, and/or of plaintiff, Linda Diane Hicks, at the Jack in the Box premises in question on June 10, 2012?

REQUEST FOR PRODUCTION NO. 3:

With regard to your answer to Interrogatory No. 4, please produce all photographs taken, and/or to which you have referred in answering said interrogatory.

INTERROGATORY NO. 5:

Please state the name, address and telephone number of all your employees that were working at Jack in the Box where the subject accident occurred, on June 10, 2012, and state  whether or not said employees are still employed by you.

INTERROGATORY NO.6:

Please state the name, telephone number, and address of the employee who took photos of the plaintiff, Linda Diane Hicks, at the Jack in the Box premises in question on June 10, 2012, and state whether or not said employee is still employed by you.

## REQUEST FOR PRODUCTION NO. 4:

With regard to your answer to Interrogatory No. 6, please produce a copy of the personnel file of said employee, background check, job performance reports, and job separation report.

## INTERROGATORY NUMBER 7:

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

## INTERROGATORY NUMBER 8:

Please list all exhibits and/or documents that you may introduce at the trial of this case.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce copies of all exhibits and/or documents referred to in your Answer to Interrogatory No. 8.

## INTERROGATORY NO. 9:

Please describe, in detail, the location of the nearest video surveillance cameras to the area in which the accident in question occurred, on the date of the accident forming the basis of this case.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Please produce a copy of any video recording taken on the premises of Jack in the Box that include plaintiff, Linda Diane Hicks, on the date of June 10, 2012.

## INTERROGATORY NO. 10:

Did you have a written and/or oral policy and/or procedure pertaining to fall prevention, investigation and maintenance in place for the Jack in the Box located at 28175 Walker Road South, in Walker, Louisiana, on June 10, 2012, and if so, what was it and where is it maintained?

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

Please produce a copy of any written policy and/or procedures described in your answer to Interrogatory No. 10.

INTERROGATORY NO. 11:

Please state the name, address and telephone number of all persons responsible for the safety/loss risk of patrons at the Jack in the Box premises where the accident in question occurred.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

Please produce any and all records of any incident reports and/or records of any nature pertaining to any person, patron and/or employee that has slipped and fallen prior to June 10, 2012, at the Jack in the Box premises where the subject accident occurred.

INTERROGATORY NO. 12:

What products are used to clean the floors at the Jack in the Box restaurant where the subject accident occurred.

INTERROGATORY NO. 13:

Please state the name, address, and telephone number of each individual charged with duty to apply floor cleaner at the Jack in the Box premises where the subject accident occurred, and state whether or not each individual is still employed by you.

INTERROGATORY NO. 14:

Does you have a Franchise manual regarding floor cleaning technique?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

If your answer to Interrogatory No. 14 is in the affirmative, please produce a copy of the Franchise manual that was in effect on June 10, 2012, the date of the subject accident.

INTERROGATORY NO. 15:

In regard to the mat on the floor just inside the entrance to the Jack in the Box restaurant where the subject accident took place, please state the following:

1. If the mat was in place at the time of the subject accident;

2. If said mat was owned by JACK IN THE BOX or leased or rented from a mat service;

3. The name of the Jack in the Box employee charged with the duty to maintain and service the mat.

4. If there is any written procedure or manual regarding mat maintenance and service.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

If your answer to Interrogatory No. 15(4) is in the affirmative, please produce a copy of the written procedure or manual regarding mat maintenance and service that was in effect on June 10, 2012, the date of the subject accident.

INTERROGATORY NUMBER 16:

Please state whether or not surveillance films have been taken of plaintiff, LINDA DIANE HICKS, whether for substantive or impeachment purposes. If your answer is in the affirmative, please state:

A.   On what dates and times was LINDA DIANE HICKS subject to said surveillance?

B.   What is the name and address of the individual, company, and/or entity that conducted said surveillance?

C.   By whom was the individual, company, and/or entity that conducted said surveillance retain, employed, and/or paid?

D.   What type of films and camera were used to conduct said surveillance activity, including the total footage of video tape used and the total number of still photographs taken?

E.   Has all of the surveillance film been developed? If not, what is the name and address of the individual, company and/or entity that has possession of any of said film that has not yet been developed?

F.   What is the name and address of the individual, company and/or entity that has possession of all said surveillance film that has been developed?

TYLER & JOHNSON, L.L.C.
4700 Line Avenue, Suite 111
Shreveport, Louisiana 71106
Telephone:  (318) 861-1540
Facsimile:   (318) 861-1528

By: _____
D. G. Tyler/La. Bar #12969

<u>**C E R T I F I C A T E**</u>

I HEREBY CERTIFY that I have read the above and foregoing and that to the best of my knowledge, information and belief formed after reasonable inquiry that said document is:

1.  Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

2.  Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and

3.  Not unreasonable, unduly burdensome, or expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the _5 7th_ day of June, 2013.

_____
OF COUNSEL

| LINDA DIANE HICKS | * | NUMBER: 141516 A |
| VERSUS | * | 21ST JUDICIAL DISTRICT COURT |
| JACK IN THE BOX, INC., ET AL | * | LIVINGSTON PARISH, LOUISIANA |

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, JACK IN THE BOX EASTERN DIVISION, L.P.

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure,* Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated, and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure,* Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials under the provisions of *Louisiana Code of Civil Procedure,* Article 1469.

DEFINITIONS: As used in these interrogatories and documents requests, the terms listed below are defined as follows:

(A)  "You," "your," or "yourself" means defendant, JACK IN THE BOX EASTERN DIVISION, L.P., and all other persons acting or purporting to act on its behalf;

(B)  "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C)  "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams,

minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, magazines, publications, printed matter, photographs, computer printouts, telex, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electrical records of representations of any kind, of which you may have knowledge or which are now or were formerly in your actual or constructive possession, custody or control;

(D)    "Relates to," "regarding," or "concerning" mean supports, evidences, describes, mentions, refers to, contradicts or compromises;

(E)    "Person," "individual," or "entity" mean any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

(F)    The terms "identify," "state," and "describe":

1.    When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

2.    When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

3.    When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

4.    When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

5.    When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

## INSTRUCTIONS

(A)     With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)     If any document or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)     If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)     If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

1. The reason for withholding; and
2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

Please give the names, addresses, and telephone numbers of any individuals known to you that witnessed and/or have knowledge of any facts concerning and/or involving Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit, including but not limited to any facts of events occurring before and after her fall.

INTERROGATORY NO. 2:

Please state the name, address and telephone number for all persons known to you that conducted and/or prepared any reports, incident reports, memorandums, electronic communications, emails, telephone communications,    investigation, and/or interviews concerning Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit.

If so, please state the names, addresses and telephone numbers of said employees and/ or agents.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce copies of any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigations, and/or interviews referred to in your Answer to Interrogatory No. 2.

INTERROGATORY NO. 3:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

REQUEST FOR PRODUCTION OF DOCUMENTS  NO. 2:

Please produce copies of any statements referred to in your answer to Interrogatory No. 3.

INTERROGATORY NO. 4:

Were any photographs taken by you or in your behalf either at the scene of the subject accident of any physical equipment and/or other objects known or believed by you to have been involved in the accident forming the basis of this case, and/or of plaintiff, Linda Diane Hicks, at the Jack in the Box premises in question on June 10, 2012?

REQUEST FOR PRODUCTION NO. 3:

With regard to your answer to Interrogatory No. 4, please produce all photographs taken, and/or to which you have referred in answering said interrogatory.

INTERROGATORY NO. 5:

Please state the name, address and telephone number of all of your employees that were working at Jack in the Box where the subject accident occurred, on June 10, 2012, and state whether or not said employees are still employed by you.

INTERROGATORY NO.6:

Please state the name, telephone number, and address of the employee who took photos of the plaintiff, Linda Diane Hicks, at the Jack in the Box premises in question on June 10, 2012, and state whether or not said employee is still employed by you.

REQUEST FOR PRODUCTION NO. 4:

With regard to your answer to Interrogatory No. 6, please produce a copy of the personnel file of said employee, background check, job performance reports, and job separation report.

INTERROGATORY NUMBER 7:

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

INTERROGATORY NUMBER 8:

Please list all exhibits and/or documents that you may introduce at the trial of this case.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Please produce copies of all exhibits and/or documents referred to in your Answer to Interrogatory No. 8:

INTERROGATORY NO. 9:

Please describe, in detail, the location of the nearest video surveillance cameras to the area in which the accident in question occurred, on the date of the accident forming the basis of this case.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Please produce a copy of any video recording taken on the premises of Jack in the Box that include plaintiff, Linda Diane Hicks, on the date of June 10, 2012.

INTERROGATORY NO. 10:

Did you have a written and/or oral policy and/or procedure pertaining to fall prevention, investigation and maintenance in place for the Jack in the Box located at 28175 Walker Road South, in Walker, Louisiana, on June 10, 2012, and if so, what was it and where is it maintained?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

Please produce a copy of any written policy and/or procedures described in your answer to Interrogatory No. 10.

**INTERROGATORY NO. 11:**

Please state the name, address and telephone number of all persons responsible for the safety/loss risk of patrons at the Jack in the Box premises where the accident in question occurred.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Please produce any and all records of any incident reports and/or records of any nature pertaining to any person, patron and/or employee that has slipped and fallen prior to June 10, 2012, at the Jack in the Box premises where the subject accident occurred.

**INTERROGATORY NO. 12:**

What products are used to clean the floors at the Jack in the Box restaurant where the subject accident occurred.

**INTERROGATORY NO. 13:**

Please state the name, address, and telephone number of each individual charged with duty to apply floor cleaner at the Jack in the Box premises where the subject accident occurred, and state whether or not each individual is still employed by you.

**INTERROGATORY NO. 14:**

Do you have a Franchise manual regarding floor cleaning technique?

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

If your answer to Interrogatory No. 14 is in the affirmative, please produce a copy of the Franchise manual that was in effect on June 10, 2012, the date of the subject accident.

**INTERROGATORY NO. 15:**

In regard to the mat on the floor just inside the entrance to the Jack in the Box restaurant where the subject accident took place, please state the following:

1. If the mat was in place at the time of the subject accident;

2. If said mat was owned by JACK IN THE BOX or leased or rented from a mat service;

3. The name of the Jack in the Box employee charged with the duty to maintain and service the mat.

4. If there is any written procedure or manual regarding mat maintenance and service.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

If your answer to Interrogatory No. 15(4) is in the affirmative, please produce a copy of the written procedure or manual regarding mat maintenance and service that was in effect on June 10, 2012, the date of the subject accident.

INTERROGATORY NUMBER 16:

Please state whether or not surveillance films have been taken of plaintiff, LINDA DIANE HICKS, whether for substantive or impeachment purposes.  If your answer is in the affirmative, please state:

A.   On what dates and times was LINDA DIANE HICKS subject to said surveillance?

B.   What is the name and address of the individual, company, and/or entity that conducted said surveillance?

C.   By whom was the individual, company, and/or entity that conducted said surveillance retain, employed, and/or paid?

D.   What type of films and camera were used to conduct said surveillance activity, including the total footage of video tape used and the total number of still photographs taken?

E.   Has all of the surveillance film been developed?  If not, what is the name and address of the individual, company and/or entity that has possession of any of said film that has not yet been developed?

F.   What is the name and address of the individual, company and/or entity that has possession of all said surveillance film that has been developed?

TYLER & JOHNSON, L.L.C.
4700 Line Avenue, Suite 111
Shreveport, Louisiana 71106
Telephone:   (318) 861-1540
Facsimile:   (318) 861-1528

By: _____
D. G. Tyler, La. Bar #12969

## C E R T I F I C A T E

I HEREBY CERTIFY that I have read the above and foregoing and that to the best of my knowledge, information and belief formed after reasonable inquiry that said document is:

1. Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

2. Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and

3. Not unreasonable, unduly burdensome, or expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the 5TH day of June, 2013.

OF COUNSEL

FILED_____AT_____M.
_____DEPUTY CLERK

LINDA DIANE HICKS        *    NUMBER: 14516 A

VERSUS        *    21ST JUDICIAL DISTRICT COURT

JACK IN THE BOX, INC., ET AL    *    LIVINGSTON PARISH, LOUISIANA

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, CNL INCOME FUND VIII, LTD.

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure,* Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated, and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure,* Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials  under the provisions of *Louisiana Code of Civil Procedure,* Article 1469.

DEFINITIONS: As used in these interrogatories and documents requests, the terms listed below are defined as follows:

(A) "You," "your," or "yourself" means defendant, CNL INCOME FUND VIII, LTD. and all other persons acting or purporting to act on its behalf;

(B) "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C) "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns,

warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, magazines, publications, printed matter, photographs, computer printouts, telex, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electrical records of representations of any kind, of which you may have knowledge or which are now or were formerly in your actual or constructive possession, custody or control;

    (D)    "Relates to," "regarding," or "concerning" mean supports, evidences, describes, mentions, refers to, contradicts or compromises;

    (E)    "Person," "individual," or "entity" mean any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

    (F)    The terms "identify," "state," and "describe":

    1.    When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

    2.    When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

    3.    When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

    4.    When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

    5.    When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

## INSTRUCTIONS

(A)   With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)   If any document or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)   If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)   If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

1. The reason for withholding; and

2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

Is CNL APF PARTNERS, LP, the owner of the immovable property and all improvements thereon located at 28175 Walker Road South, in Walker, Louisiana?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

If your answer to the preceding interrogatory is in the affirmative, please produce a copy of any Lease and/or contractual agreement, along with and any exhibits referred to therein or attached thereto, between you and the tenant of the property located at 28175 Walker Road South, in Walker, Louisiana.

INTERROGATORY NO. 2:

Are inspections performed on the aforesaid leased Jack in the Box premises at 28175 Walker Road South in Walker, Louisiana?  If so, by whom are the inspections done and on what schedule?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

Please produce copies of any insurance policies providing liability coverage to you regarding claims by people injured on the premises of JACK IN THE BOX, and/or you are a named insured.

INTERROGATORY NO. 3:

Please state the identity, location and address of all persons known to you that can answer any and all questions concerning the safety of patrons at the Jack in the Box premises the subject of this lawsuit, the history of the Jack in the Box premises the subject of this lawsuit, including, but not limited to, the policy and procedures concerning the maintenance of the Jack in the Box premises, as well as facts concerning the subject accident.

INTERROGATORY NO. 4:

Please state the name, address and telephone number of all persons known to you that conducted and/or prepared any reports, incident reports, memorandums, electronic communications, emails, telephone communications,   investigation, and/or interviews concerning Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit.  If so, please state the names, addresses and telephone numbers of said persons.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

Please produce copies of any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigations, and/or interviews referred to in your Answer to Interrogatory No. 4.

INTERROGATORY NO. 5:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

**INTERROGATORY NO. 6:**

Were any photographs taken by you or in your behalf either at the scene of the accident of any physical equipment at the time of the accident forming the basis of this case, or other objects known or believed by you to have been involved in the accident forming the basis of this case?

**REQUEST FOR PRODUCTION NO. 4:**

With regard to your answer to Interrogatory No. 6, please produce all photographs taken, and/or to which you have referred in answering said interrogatory.

**INTERROGATORY NO. 7:**

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

**INTERROGATORY NO. 8:**

Please list all exhibits and/or documents that you may introduce at the trial of this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce copies of all exhibits and/or documents referred to in your Answer to Interrogatory No. 8:

**REQUEST FOR PRODUCTION NUMBER 6:**

Please produce a copy of any incident report made by you on on your behalf, with regard to the subject incident.

**INTERROGATORY NUMBER 8:**

Please state whether or not surveillance films have been taken of plaintiff, LINDA DIANE HICKS, whether for substantive or impeachment purposes. If your answer is in the affirmative, please state:

A.    On what dates and times was LINDA DIANE HICKS subject to said surveillance?

B.    What is the name and address of the individual, company, and/or entity that conducted said surveillance?

C.   By whom was the individual, company, and/or entity that conducted said surveillance retain, employed, and/or paid?

D.   What type of films and camera were used to conduct said surveillance activity, including the total footage of video tape used and the total number of still photographs taken?

E.   Has all of the surveillance film been developed?  If not, what is the name and address of the individual, company and/or entity that has possession of any of said film that has not yet been developed?

F.   What is the name and address of the individual, company and/or entity that has possession of all said surveillance film that has been developed?

<div style="text-align:right">

TYLER & JOHNSON, L.L.C.
4700 Line Avenue, Suite 111
Shreveport, Louisiana 71106
Telephone:  (318) 861-1540
Facsimile:   (318) 861-1528

</div>

By: _____
D. G. Tyler La. Bar #12969

## CERTIFICATE

I HEREBY CERTIFY that I have read the above and foregoing and  that to the best of my knowledge, information and belief formed after reasonable inquiry that said document is:

1.   Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

2.   Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and

3.   Not unreasonable, unduly burdensome, or expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the 5TH day of June, 2013.

_____
OF COUNSEL

| LINDA DIANE HICKS | * | NUMBER: 14516 A |
| VERSUS | * | 21ST JUDICIAL DISTRICT COURT |
| JACK IN THE BOX, INC., ET AL | * | LIVINGSTON PARISH, LOUISIANA |

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, CNL APF PARTNERS, LP

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure,* Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated, and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure,* Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials under the provisions of *Louisiana Code of Civil Procedure,* Article 1469.

DEFINITIONS:   As used in these interrogatories and documents requests, the terms listed below are defined as follows:

(A)   "You," "your," or "yourself" means defendant, CNL APF PARTNERS, LP, and all other persons acting or purporting to act on its behalf;

(B)   "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C)   "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns,

warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and

intra-office communications, offers, notations of any sort of conversation, bulletins,

magazines, publications, printed matter, photographs, computer printouts, telex, teletypes,

telefax, invoices, worksheets and all drafts, alterations, modifications, changes and

amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural

records or representations of any kind, and electronic, mechanical or electrical records of

representations of any kind, of which you may have knowledge or which are now or were

formerly in your actual or constructive possession, custody or control;

    (D)    "Relates to," "regarding," or "concerning" mean supports, evidences,

describes, mentions, refers to, contradicts or compromises;

    (E)    "Person," "individual," or "entity" mean any natural person, firm, corporation,

partnership, proprietorship, joint venture, organization, group of natural persons, or other

association separately identifiable, whether or not such association has a separate legal

existence in its own right.

    (F)    The terms "identify," "state," and "describe":

    1.    When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

    2.    When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

    3.    When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

    4.    When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

    5.    When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

## INSTRUCTIONS

(A)    With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)    If any document or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)    If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)    If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

1. The reason for withholding; and

2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

Is CNL APF PARTNERS, LP, the owner of the immovable property and all improvements thereon located at 28175 Walker Road South, in Walker, Louisiana?

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

If your answer to the preceding interrogatory is in the affirmative, please produce a copy of any Lease and/or contractual agreement, along with and any exhibits referred to therein or attached thereto, between you and the tenant of the property located at 28175 Walker Road South, in Walker, Louisiana.

<u>INTERROGATORY NO. 2</u>:

Are inspections performed on the aforesaid leased Jack in the Box premises at 28175 Walker Road South in Walker, Louisiana? If so, by whom are the inspections done and on what schedule?

<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2</u>:

Please produce copies of any insurance policies providing liability coverage to you regarding claims by people injured on the premises of JACK IN THE BOX, and/or you are a named insured.

<u>INTERROGATORY NO. 3</u>:

Please state the identity, location and address of all persons known to you that can answer any and all questions concerning the safety of patrons at the Jack in the Box premises the subject of this lawsuit, the history of the Jack in the Box premises the subject of this lawsuit, including, but not limited to, the policy and procedures concerning the maintenance of the Jack in the Box premises, as well as facts concerning the subject accident.

<u>INTERROGATORY NO. 4</u>:

Please state the name, address and telephone number of all persons known to you that conducted and/or prepared any reports, incident reports, memorandums, electronic communications, emails, telephone communications,   investigation, and/or interviews concerning Linda Diane Hicks' fall on June 10, 2012, the subject of this lawsuit.  If so, please state the names, addresses and telephone numbers of said persons.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3</u>:

Please produce copies of any reports, incident reports, memorandums, electronic communications, emails, telephone communications, investigations, and/or interviews referred to in your Answer to Interrogatory No. 4.

<u>INTERROGATORY NO. 5</u>:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

**INTERROGATORY NO. 6:**

Were any photographs taken by you or in your behalf either at the scene of the accident of any physical equipment at the time of the accident forming the basis of this case, or other objects known or believed by you to have been involved in the accident forming the basis of this case?

**REQUEST FOR PRODUCTION NO. 4:**

With regard to your answer to Interrogatory No. 6, please produce all photographs taken, and/or to which you have referred in answering said interrogatory.

**INTERROGATORY NO. 7:**

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

**INTERROGATORY NO. 8:**

Please list all exhibits and/or documents that you may introduce at the trial of this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce copies of all exhibits and/or documents referred to in your Answer to Interrogatory No. 8:

**REQUEST FOR PRODUCTION NUMBER 6:**

Please produce a copy of any incident report made by you on on your behalf, with regard to the subject incident.

**INTERROGATORY NUMBER 8:**

Please state whether or not surveillance films have been taken of plaintiff, LINDA DIANE HICKS, whether for substantive or impeachment purposes. If your answer is in the affirmative, please state:

A.   On what dates and times was LINDA DIANE HICKS subject to said surveillance?

B.   What is the name and address of the individual, company, and/or entity that conducted said surveillance?

C.   By whom was the individual, company, and/or entity that conducted said surveillance retain, employed, and/or paid?

D.   What type of films and camera were used to conduct said surveillance activity, including the total footage of video tape used and the total number of still photographs taken?

E.   Has all of the surveillance film been developed?  If not, what is the name and address of the individual, company and/or entity that has possession of any of said film that has not yet been developed?

F.   What is the name and address of the individual, company and/or entity that has possession of all said surveillance film that has been developed?

> TYLER & JOHNSON, L.L.C.
> 4700 Line Avenue, Suite 111
> Shreveport, Louisiana 71106
> Telephone:  (318) 861-1540
> Facsimile:   (318) 861-1528
>
> By:  _____
> D. G. Tyler, La. Bar #12969

## C E R T I F I C A T E

I HEREBY CERTIFY that I have read the above and foregoing and  that to the best of my knowledge, information and belief formed after reasonable inquiry that said document is:

1. Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

2. Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and

3. Not unreasonable, unduly burdensome, or expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the 3 7ᵗʰ day of June, 2013.

_____
OF COUNSEL

LINDA DIANE HICKS       *     NUMBER: 141516  A

VERSUS               *     21ST JUDICIAL DISTRICT COURT

JACK IN THE BOX, INC., ET AL     *     LIVINGSTON PARISH, LOUISIANA

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, ACE AMERICAN INSURANCE COMPANY

Plaintiff, LINDA DIANE HICKS, hereby requests that you answer separately and fully, in writing under oath, each of the following interrogatories in accordance with Louisiana Code of Civil Procedure. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

Plaintiff further requests that pursuant to the provisions of the *Louisiana Code of Civil Procedure*, Articles 1461 and 1469, you produce for inspection and/or copying the hereinafter described documents on the date, time and location designated and that, in the event you fail to comply with this request within thirty (30) days after service of this request as is more particular provided by *Louisiana Code of Civil Procedure*, Article 1462, you pay all reasonable costs, expenses, and attorney's fees, for obtaining an order compelling the production of these documents and materials under the provisions of *Louisiana Code of Civil Procedure*, Article 1469.

DEFINITIONS: As used in these interrogatories and documents requests, the terms listed below are defined as follows:

(A) "You," "your," or "yourself" means defendant, ACE AMERICAN INSURANCE COMPANY, and all other persons acting or purporting to act on its behalf;

(B) "Plaintiff" means plaintiff, LINDA DIANE HICKS, and all other persons acting or purporting to act on her behalf;

(C) "Document" or "documents" mean any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, agreements, cables,

correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversation, bulletins, magazines, publications, printed matter, photographs, computer printouts, telex, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electrical records of representations of any kind, of which you may have knowledge or which are now or were formerly in your actual or constructive possession, custody or control;

(D)  "Relates to," "regarding," or "concerning" mean supports, evidences, describes, mentions, refers to, contradicts or compromises;

(E)  "Person," "individual," or "entity" mean any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

(F)  The terms "identify," "state," and "describe":

1.  When used in reference to an individual, shall mean to state his full name, present or last known residence, business affiliation and business address, and relation, if any, to you;

2.  When used in reference to a corporation shall mean to state its full name, its state of incorporation and its principal place of business;

3.  When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

4.  When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, name and address of its custodian, and the substance of the contents thereof;

5.  When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

## INSTRUCTIONS

(A)    With respect to each interrogatory, in addition to applying the information asked for and identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

(B)    If any document or material identified in an answer to an interrogatory was, but is no longer in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it or what became of it.

(C)    If any document or material is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each document and the ground upon which its production is being withheld.

(D)    If any interrogatory is deemed to call for the disclosure of privileged matters or materials and such privilege is asserted, a list is to be furnished identifying each matter alleged to be privileged with the following information:

    1. The reason for withholding; and

    2. A statement of the facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure.

INTERROGATORY NO. 1:

Please state the identity, location and address of all persons having knowledge or information relevant to a determination of the issues involved in the captioned case.

INTERROGATORY NO. 2:

Please give the names and addresses of any witnesses who saw all or any part of the accident sued on in this matter.

INTERROGATORY NO. 3:

Please state the identity, location and address of all investigators who have made any investigation in your behalf of any of the facts involved in this case.

INTERROGATORY NO. 4:

Please list the names and addresses of all persons from whom signed statements have been taken by anyone representing you herein, or investigating the facts involved in this action on your behalf.

**INTERROGATORY NO. 5:**

Were any photographs taken by you or in your behalf either at the scene of the accident of any physical equipment at the time of the accident forming the basis of this case, or other objects known or believed by you to have been involved in the accident forming the basis of this case?

**REQUEST FOR PRODUCTION NO. 1:**

With regard to your answers to Interrogatory No. 5, please produce all photographs taken, and/or to which you have referred in answering said interrogatory.

**INTERROGATORY NO. 6:**

Please state whether or not Jack in the Box, your insured in question, or any of its customers have reported any other claims for injury arising from having been a patron on said premises.  If so, please state the name of each claimant and the date on which said claim arose.

**REQUEST FOR PRODUCTION NO. 2:**

With regard to your answers to Interrogatory No. 6, please produce a copy of the reported claim, the name of legal counsel of each identified claimant, documentation of the mailing address and telephone number of each claimant, as well as documentation of each claim resolution or present pending status.

**INTERROGATORY NO. 7:**

Please give the names and addresses of any and all persons, including experts, who may be called to testify at the trial of this cause and give a brief description as to what they intend to testify.

**INTERROGATORY NO. 8:**

Please describe, in detail, the location of the nearest video surveillance cameras to the area in which the accident in question occurred, on the date of the accident forming the basis of this case.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Please produce a copy of any video recording taken on the premises of Jack in the Box that include plaintiff, Linda Diane Hicks, on the date of June 10, 2012.

INTERROGATORY NO. 9:

Please state whether or not surveillance films have been taken of plaintiff, Linda Diane Hicks, whether for substantive or impeachment purposes. If your answer is in the affirmative, please state:

A. On what dates and times was subject to said surveillance?

B. What is the name and address of the individual, company, and/or entity that conducted said surveillance?

C. By whom was the individual, company, and/or entity that conducted said surveillance retain, employed, and/or paid?

D. What type of films and camera were used to conduct said surveillance activity, including the total footage of video tape used and the total number of still photographs taken?

E. Has all of the surveillance film been developed? If not, what is the name and address of the individual, company and/or entity that has possession of any of said film that has not yet been developed?

F. What is the name and address of the individual, company and/or entity that has possession of all said surveillance film that has been developed?

<div style="text-align:right">

TYLER & JOHNSON, L.L.C.
4700 Line Avenue, Suite 111
Shreveport, Louisiana 71106
Telephone: (318) 861-1540
Facsimile: (318) 861-1528

By: _____

D. G. Tyler, La. Bar #12969

</div>

<u>**C E R T I F I C A T E**</u>

I HEREBY CERTIFY that I have read the above and foregoing and that to the best

of my knowledge, information and belief formed after reasonable inquiry that said

document is:

1. Consistent with all the rules of discovery and is warranted by existing law
   or a good faith argument for the extension, modification, or reversal of
   existing law;

2. Not interposed for any improper purpose, such as to harass or to cause
   unnecessary or needless increase in the cost of litigation; and

3. Not unreasonable, unduly burdensome, or expensive given the needs of
   the case, the discovery already had in the case, the amount in
   controversy, and the importance of the issues at stake in the litigation.

Shreveport, Caddo Parish, Louisiana, this the _5_ day of June, 2013.

_____

OF COUNSEL

_6-6-13_ AT _3:57_ M.

DEPUTY CLERK

LINDA DIANE HICKS                    *       NUMBER: 141516 A

VERSUS                               *       21ST JUDICIAL DISTRICT COURT

JACK IN THE BOX, INC., ET AL         *       LIVINGSTON PARISH, LOUISIANA

## O R D E R

Considering the foregoing petition;

IT IS HEREBY ORDERED that the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY, produce and file into the record of this proceeding a certified copy of any and all policies of liability insurance covering the injuries and damages alleged by Petitioner herein, including all riders and attachments, within thirty (30) days of service hereof on said defendants.

IT IS FURTHER ORDERED that the defendants, DONALD PAUL DUFFIELD, JACK IN THE BOX, INC., JACK IN THE BOX EASTERN DIVISION, L.P., CNL INCOME FUND VIII, LTD., CNL APF PARTNERS, LP, and ACE AMERICAN INSURANCE COMPANY, respond to the First Set of Interrogatories and Request for Production of Documents attached hereto within thirty (30) days of service hereof on said defendants.

THUS DONE AND SIGNED in, Livingston, Livingston Parish, Louisiana, on this the 12 day of June_____, 2013.

_____
DISTRICT JUDGE



**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

vs.

Court: __21st JDC__  Docket Number: __14156 A__

Parish of Filing: __Livingston__  Filing Date: __6/06/13__

Name of Lead Petitioner's Attorney: __D. G. Tyler__

Name of Self-Represented Litigant: __N/A__

Number of named petitioners: __1__  Number of named defendants: __6__

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

__ Auto: Personal Injury
__ Auto: Wrongful Death
__ Asbestos: Property Damage
__ Product Liability
__ Intentional Bodily Injury
__ Intentional Wrongful Death
__ Business Tort
__ Defamation
__ Environmental Tort
__ Intellectual Property
__ Legal Malpractice
__ Other Professional Malpractice
__ Maritime
__ Wrongful Death
__ General Negligence

__ Auto: Property Damage
__ Auto: Uninsured Motorist
__ Asbestos: Personal Injury/Death
✓ Premise Liability
__ Intentional Property Damage
__ Unfair Business Practice
__ Fraud
__ Professional Negligence
__ Medical Malpractice
__ Toxic Tort
__ Other Tort (describe below)
__ Redhibition
__ Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
__Personal injuries to Plaintiff resulting from Slip and Fall Accident__

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name __Lori Schildt__  Signature __Lori Schildt__

Address __4700 Line Ave., Suite 111, Shreveport, LA 71106__

Phone number: __(318) 861-1540__  E-mail address: __lorischildt@me.com__

*CITATION*

**PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* JACK IN THE BOX INC THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                     *of EAST BATON ROUGE Parish*

   *YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

   *WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13, 2013.*

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

*T. ROBINS*_____
*Deputy Clerk of Court*

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

### *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

*Personal Service on the party herein named _____*
*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service*   $_____

*Mileage*   $_____          *By:* _____
                                      *Deputy Sheriff*

*Total*     $_____

[ ORIGINAL ]

*CITATION*
**PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* JACK IN THE BOX EASTERN DIVISION L P THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                                    *of EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a*

*true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by*

*filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of*

*Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13,**
**2013.**

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

*T. ROBINS*_____
<span style="font-size:small">Deputy Clerk of Court</span>

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

## *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of*

*_____, 20____ served the above named party as follows:*

*Personal Service on the party herein named _____.*
*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the*
*hands of _____, a person apparently over the age of seventeen*
*years, living and residing in said domicile and whose name and other facts connected with this service, I*
*learned by interrogating the said person, said party herein being absent from his/her residence at the time of*
*said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:_____*

*_____*

*Returned:*
*Parish of _____ this _____ day of _____, 20____.*

*Service*     $_____

*Mileage*     $_____                    *By:* _____
                                            <span style="font-size:small">Deputy Sheriff</span>

*Total*       $_____

[ ORIGINAL ]

*CITATION*
**PETITION; 1ˢᵀ SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

---

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



*Case: 000000141516*
*Division: A*
*21ˢᵗ Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

---

*To:* CNL INCOME FUND VIII LTD THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                    *of EAST BATON ROUGE Parish*

   *YOU ARE HEREBY SUMMONED to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21ˢᵗ Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

   *WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13, 2013.*

                              *Clerk of Court*
                              *21ˢᵗ Judicial District*
                              *Parish of Livingston*

                              **T. ROBINS_____**
                              *Deputy Clerk of Court*

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

---

### *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of*

*_____, 20_____ served the above named party as follows:*

*Personal Service on the party herein named _____*
*Domiciliary Service on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE: _____*

*_____*

---

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service    $_____*
                              *By: _____*
*Mileage    $_____*                 *Deputy Sheriff*

*Total      $_____*

[ ORIGINAL ]

*CITATION*
**PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

| | | |
|---|---|---|
| HICKS, LINDA DIANE | | Case: *000000141516* |
| | | Division: A |
| *Vs.* | | 21st Judicial District Court |
| | | Parish of Livingston |
| DUFFIELD, DONALD PAUL - ET AL | | State of Louisiana |



To: CNL APF PARTNERS LP THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                    of *EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13, 2013.**

Clerk of Court
21st Judicial District
Parish of Livingston

**T. ROBINS**_____
Deputy Clerk of Court

Attorney
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

*Service Information*

*Received on the* _____ *day of* _____, 20____ *and on the* _____ *day of* _____, 20____ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

Returned:
Parish of _____ this _____ day of _____, 20____.

Service      $_____

Mileage    $_____                    By: _____
                                                          Deputy Sheriff

Total         $_____

[ ORIGINAL ]

*CITATION*
**PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

To: ACE AMERICAN INSURANCE COMPANY WHICH MAY BE SERVED THROUGH ITS AGENT
FOR SERVICE OF PROCESS: TOM SCHEDLER, LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE
BATON ROUGE LA 70809,                          *of  EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a*

*true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by*

*filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of*

*Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13,**
**2013.**

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

**T. ROBINS**_____
*Deputy Clerk of Court*

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

### *Service Information*

*Received on the* _____ *day of* _____, 20_____ *and on the* _____ *day of*

_____, 20_____ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the*
*hands of* _____, *a person apparently over the age of seventeen*
*years, living and residing in said domicile and whose name and other facts connected with this service, I*
*learned by interrogating the said person, said party herein being absent from his/her residence at the time of*
*said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

*Service*      $_____

*Mileage*    $_____            *By:* _____
                                                        *Deputy Sheriff*

*Total*         $_____

[ ORIGINAL ]

## CITATION
### PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



**CIVIL**

**Case: 000000141516**
**Division: A**
**21st Judicial District Court**
**Parish of Livingston**
**State of Louisiana**

To: CNL APF PARTNERS LP THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                    of EAST BATON ROUGE Parish

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default.

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13, 2013.**

JUN 18 2013

I made service on the named party through the
CT Corporation
by tendering a copy of this document to
CHASITY CAILLOUET ☐ TREVOR GAROUTTE

E. Cummings
Deputy Sheriff, Parish of East Baton Rouge

Clerk of Court
21st Judicial District
Parish of Livingston

2013 JUN 20 AM 11: 06
FILED
CLERK OF Court
PARISH OF LIVINGSTON
DEPUTY CLERK

ANTOINE GUITREAU
J.B. ROBINS
Deputy Clerk of Court

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of

_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

_____

Returned:
Parish of _____ this _____ day of _____, 20____.

| | | |
|---|---|---|
| Service | $_____ | By: _____ |
| Mileage | $_____ | Deputy Sheriff |
| Total | $_____ | |

[ ORIGINAL ]



## CITATION
### PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*

**CIVIL**

*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* CNL INCOME FUND VIII LTD THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                    *of  EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13,**
**2013.**

JUN 18 2013

*I made service on the named party through the*
*CT Corporation*
*by tendering a copy of this document to*
☐ CHASITY CAILLOUET   ☐ TREVOR GAROUTTE

E. Cummings
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

Clerk of Court
ROBBIE PIERCE
21st Judicial District
Parish of Livingston
ROBINS
Deputy Clerk of Court

FILED
CLERK OF COURT
PARISH OF LIVINGSTON
2013 JUN 20  AM 11:06
DEPUTY CLERK

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

### Service Information

*Received on the _____ day of _____, 20 ____ and on the _____ day of*

*_____, 20 ____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

DUE & DILIGENT UNABLE TO SERVE BECAUSE: _____

_____

*Returned:*
*Parish of _____ this _____ day of _____, 20 ___.*

*Service*    $_____

*Mileage*    $_____          *By:* _____
                                      *Deputy Sheriff*

*Total*      $_____

[ ORIGINAL ]

CITATION
PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER



| | | |
|---|---|---|
| *HICKS, LINDA DIANE* | | Case: *000000141516* |
| | | *Division: A* |
| *Vs.* | **CIVIL** | *21st Judicial District Court* |
| | | *Parish of Livingston* |
| *DUFFIELD, DONALD PAUL - ET AL* | | *State of Louisiana* |

*To:* JACK IN THE BOX INC THROUGH ITS REGISTERED AGENT:
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,               *of EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE , 2013.**

*JUN 18 2013*

*I made service on the named party through the CT Corporation by tendering a copy of this document to □ ANTOINE GARCE □ VICTOR GAROUITE □ CHASITY CAILLOUET*

*E. Cummins*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

_____ ROBINS _____
*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

*Deputy Clerk of Court*

*FILED*
*JUN 20 2013 AM 11: 06*
*CLERK OF COURT, PARISH OF LIVINGSTON*
*DEPUTY CLERK*

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

*Service Information*

Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20 ____ served the above named party as follows:

**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

DUE & DILIGENT UNABLE TO SERVE BECAUSE: _____

_____

| | | | |
|---|---|---|---|
| Returned: | | | |
| Parish of _____ | | this _____ day of _____, 20 ____ | |
| Service | $ _____ | | |
| | | By: _____ | |
| Mileage | $ _____ | *Deputy Sheriff* | |
| Total | $ _____ | | |

[ ORIGINAL ]

Case Number: 000000141516   62 of 63

*'CITATION*

**PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER**

*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*



**CIVIL**

*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

*To:* JACK IN THE BOX EASTERN DIVISION L P, THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
BATON ROUGE LA 70808,                                     *of EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13,** 2013.

JUN 18 2013

I made service on the named party through the
CT Corporation
by tendering a copy of this document to
☐ CHASITY CAILLOUET    ☐ TREVOR CARDUITE    ☐ ANTOINE PIERCE

*E. Cummings*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

2013 JUN 20 AM 11: 06
FILED
CLERK OF COURT
PARISH OF LIVINGSTON
DEPUTY CLERK

____T. ROBINS____
*Deputy Clerk of Court*

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

**Service Information**

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE: _____*

_____

*Returned:*
*Parish of _____            this ____ day of _____, 20____.*

| *Service* | $_____ | |
|---|---|---|
| *Mileage* | $_____ | *By: _____* |
| *Total* | $_____ | *Deputy Sheriff* |

[ ORIGINAL ]

# CITATION
## PETITION; 1ST SET OF INTERROGATORIES & REQUEST; CERTIFICATE; ORDER



*HICKS, LINDA DIANE*

*Vs.*

*DUFFIELD, DONALD PAUL - ET AL*

**CIVIL**

*Case: 000000141516*
*Division: A*
*21st Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

To: ACE AMERICAN INSURANCE COMPANY WHICH MAY BE SERVED THROUGH ITS AGENT
FOR SERVICE OF PROCESS: TOM SCHEDLER, LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE
BATON ROUGE LA 70809,                          *of EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 21st Judicial Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

*WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 13, 2013.*

JUN 18 2013

I made service on the named party through the
Office of the Secretary of State
by tendering a copy of this document to

☐ JULIE NESBITT   ☐ TAMMY GLOVER   ☐ MEGHAN SHANKS

E. Cummins, Parish of East Baton Rouge, Louisiana

MEGHAN SHANKS
Clerk of Court
21st Judicial District
Parish of Livingston

*T. ROBINS*
*Deputy Clerk of Court*

2013 JUN 24 AM 9:00
FILED
CLERK OF COURT
PARISH OF LIVINGSTON
DEPUTY CLERK

*Attorney*
D.G. TYLER
4700 LINE AVENUE, STE 111
SHREVEPORT, LA 71106

## Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of*

*_____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:* _____

_____

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service*     $_____

*Mileage*    $_____                    *By:* _____
                                                    *Deputy Sheriff*

*Total*        $_____

[ ORIGINAL ]